**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mohammad Kazerouni, Esq. (SBN: 252835)
mike@kazlg.com
Gouya Ranekouhi, Esq. (SBN: 288267)
gouya@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Plaintiff's Counsel On Signature Line]
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WISAM ZORI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT COLLECTION SERVICES, INC.,<br><br>Defendant. | Case No.: '15CV0009 LAB BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT                                      PAGE 1 OF 11

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 et seq., to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts or practices.

3. Plaintiff, WISAM ZORI, ("Plaintiff") brings this class action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the deceptive, unfair, and unlawful actions of CREDIT COLLECTION SERVICES, INC. ("CCS" or "Defendant") with regard to Defendant's unlawful debt collection practices which violate both state and federal debt collection laws.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state law claims.

9. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, et seq. and (ii) the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, et seq.

10. The Court has personal jurisdiction over Defendant as it conducts business within the State of California and have purposefully availed itself of the laws and markets of the State of California and this district.

11. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

///

///

## PARTIES

12. Plaintiff, WISAM ZORI, ("Plaintiff"), is a natural person who resides in the unincorporated area of Spring Valley, in the County of San Diego, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692 a(3).

13. Defendant, CREDIT COLLECTION SERVICES, INC., ("CCS" or "Defendant"), is incorporated in the State of Massachusetts, with a principal place of business in Boston, Massachusetts.

14. Defendant, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of California.

17. At all times relevant, Defendant conducted business in the State of California and within this district.

18. On September 11, 2014, Defendant sent Plaintiff a written "WARNING NOTICE" (the "Warning Notice" or "Notice") demanding payment on an alleged debt. A true and correct copy of the September 11, 2014 notice is

attached hereto as "Exhibit 1."

19. The Warning Notice has a prominent boarder with large font that reads "WARNINGNOTICE." The text of the Warning Notice directs the recipient to Defendant's website (www.WarningNotice.com) where there is a large scrolling banner stating "WARNINGNOTICE." Defendant's website has text and an embedded video which prompts viewers to identify whether they are responding to a "written notice" or "telephone message."

20. Defendant's Warning Notice states:

> "The above referenced account remains unpaid and seriously delinquent. Unless we hear from you directly, we will attempt to contact you at your residence and/or place of employment…"

21. The Defendant intends this statement to be interpreted to mean that Defendant *will contact* the consumer's employer and/or family unless they contact Defendant immediately. The purpose of this statement is for the consumer to fear disclosure of the debt to their employer and/or family and to immediately contact Defendant to avoid such a disclosure and the resulting consequences.

22. Defendant threatens disclosure of a debt to consumers' employer and family; although, 15 U.S.C. § 1692c(b) and Cal. Civ. Code §§ 1788.17 and 1788.12(a)-(b) prohibit a debt collector from disclosing or discussing a debt with the consumer's employer or their family.

23. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt and 15 U.S.C. § 1692e(5) by threating action that Defendants were not legally authorized to take or did not intent to take. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

24. Through this conduct, Defendant also violated Cal. Civ. Code § 1788.10(f) by threatening action prohibited by Cal. Civ. Code §§ 1788.17 and 1788.12(a)-(b).

25. The Warning Notice also states that recipients are to "PAY IMMEDIATELY" in large bold font. This demand for immediate payment coupled with the letter proclaiming to be a "WARNING NOTICE" instills a false sense of urgency and leads the consumers to believe that if they do not "pay immediately" Defendant will take some sort of immediate enforcement action or even file suit.

26. Defendant did not intend to take any such immediate action demonstrated by the fact they have not even contacted Plaintiff during the 60 days following the delivery of the Warning Notice.

27. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt, 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount, or legal status of a debt, and 15 U.S.C. § 1692e(5) by threating action that Defendant was not legally authorized to take or did not intend to take. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

28. Plaintiff brings this class action on behalf of himself, and on behalf of all others similarly situated.

29. Plaintiff defines the "Class" as:

> (i) all persons with addresses within the State of California; (ii) who were sent a written communication by Defendant; (iii) which threatened disclosure of a debt to the consumer's employer and/or family; (iv) or demanded the consumer pay immediately; (v) to recover a consumer debt; (vi) which was not returned undelivered by the United States Postal Service; (vii) within one year

prior to the filing of the Complaint in this action.

30. Defendant and its employees or agents are excluded from the Class.

31. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, making joinder of all these actions impracticable.

32. The identities of individual members are ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a) Whether Defendant violated the FDCPA as described herein;
   b) Whether Defendant violated the RFDCPA as described herein;
   c) Whether members of the Class are entitled to the remedies under the FDCPA;
   d) Whether members of the Class are entitled to the remedies under the RFDCPA;
   e) Whether members of the Class are entitled to declaratory relief;
   f) Whether members of the Class are entitled to injunctive relief;
   g) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;
   h) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDPCA;
   i) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the FDCPA; and,
   j) Whether Defendant may satisfy Defendant's affirmative defense of bona fide error with regard to Defendant's violation of the RFDCPA.

34. Plaintiff will fairly and adequately protect the interests of the Class.

35. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.
36. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.
37. A class action is a superior method for the fair and efficient adjudication of this controversy.
38. Class-wide damages are essential to induce Defendant to comply with the federal and state laws alleged in the Complaint.
39. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the combined maximum statutory damages in an individual action under the FDCPA and the RFDCPA are $2,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.
40. Defendant has acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to the class as a whole.
41. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.
42. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

**FIRST CAUSE OF ACTION FOR VIOLATIONS OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**("FDCPA") 15 U.S.C. § 1692 ET SEQ.**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-

cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

45. As a result of each and every violation of the FDCPA, Plaintiff and Class Members are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

48. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

49. As a result of each and every violation of the RFDCPA, Plaintiff and Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually. In addition, Plaintiff and the members of the class are entitled to an award of statutory damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

///

///

///

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- Any and all other relief that this Court deems just and proper.

Dated: January 5, 2015                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

BY: /S/ GOUYA RANEKOUHI
    ABBAS KAZEROUNIAN, ESQ.
    GOUYA RANEKOUHI, ESQ.
    ATTORNEYS FOR PLAINTIFF

## TRIAL BY JURY

50. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: January 5, 2015       Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

BY: /s/ GOUYA RANEKOUHI
ABBAS KAZEROUNIAN, ESQ.
GOUYA RANEKOUHI, ESQ.
ATTORNEYS FOR PLAINTIFF

[ADDITIONAL PLAINTIFF'S COUNSEL]

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
Attorneys for Plaintiff